FILED
2019 SEP 23 03:31 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 19-2-25003-8 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

RICHARD JOHNSTON, an individual,

        Plaintiff,

vs.

NAES CORPORATION, a business entity,

        Defendant.

No.

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, by and through his attorneys of record, and for cause of action against the Defendant states as follows:

## I. PARTIES

1. **Plaintiff – Richard Johnston**: At all relevant times, Plaintiff Richard Johnston ("Mr. Johnston") was and is a resident of the City of Houston, County of Harris, State of Texas.

2. **Defendant – NAES Corporation**: NAES Corporation ("NAES") is a business entity with its headquarters in the City of Issaquah, County of King, State of Washington.

## II. JURISDICTION AND VENUE

3. Original jurisdiction is vested in the Superior Court for the State of Washington pursuant to RCW 2.08.010.

COMPLAINT FOR DAMAGES - 1

Seattle Litigation Group, PLLC
500 Union Street; Suite 510
Seattle, WA 98101
206.407.3300

4. The Superior Court has jurisdiction over the parties and subject matter of this action.

5. Jurisdiction and venue are proper in this Court because the Defendant's headquarters are based in this County.

### III. FACTS

6. Plaintiff, who is over the age of forty (40), lives in Houston, Texas.

7. Mr. Johnston was offered employment with NAES on December 18, 2017 as Engineer II.

8. As part of the employment, Mr. Johnston was also offered a bonus incentive and an Engineering Services Sales Incentive Plan.

9. After working for NAES for over a year, Mr. Johnston was terminated from his employment on May 7, 2019.

10. The reasons behind Mr. Johnston's termination were discriminatory in nature.

11. Mr. Johnston was also terminated weeks prior to having an enormous bonus due from NAES, had he continued to work for NAES.

12. When Mr. Johnston attempted to gain employment with Noranda Alumina, another company, the Defendant provided false statements which led to Mr. Johnston not getting hired.

### IV. FIRST CAUSE OF ACTION: LIBEL, DEFAMATION AND SLANDER

13. Mr. Johnston re-alleges the contents of the preceding paragraphs as if fully stated herein.

14. Defendant knowingly made material misrepresentations to Noranda Alumina to cause that company to not hire Mr. Johnston.

15. Defendant's false statements were published to third parties in writing and/or orally and done with willful intent to harm or to cause harm and injury to Mr. Johnston, and to damage Mr. Johnston in his day-to-day life.

16. Defendant knew that statements about Mr. Johnston were false when published to third parties.

17. As a direct result of Defendant's actions, Mr. Johnston has been harmed and sustained damages in an amount to be proved at trial.

### V. SECOND CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/OUTRAGE

18. Mr. Johnston re-alleges the contents of the preceding paragraphs as if fully stated herein.

19. Through its intentional actions of disseminating false information, Defendant communicated false, libelous, defamatory and slanderous statements in an extreme and outrageous manner.

20. Defendant acted intentionally and recklessly by engaging in a course of extreme and outrageous conduct that targeted Mr. Johnston and harmed his reputation.

21. Defendant's extreme and outrageous conduct intentionally caused Mr. Johnston and his family to suffer severe emotional distress and mental suffering, and Mr. Johnston is entitled to recover damages in an amount to be proved at trial for severe emotional distress and other harm caused by Defendant's conduct.

### VI. THIRD CAUSE OF ACTION: VIOLATION OF 29 USC §621et seq., RCW 49.44.090

COMPLAINT FOR DAMAGES - 3

22. Mr. Johnston re-alleges the contents of the preceding paragraphs as if fully stated herein.

23. Defendant's discrimination against Mr. Johnston is in violation of 29 USC §621 and RCW 49.44.090.

24. Mr. Johnston has been intentionally discriminated against, singled out, and treated differently than similarly situated individuals because of his age in violation of Section 621 and RCW 49.44.090.

25. As a result of Defendant's discrimination in violation of Section 621 and RCW 49.44.090, Mr. Johnston has been denied opportunities providing substantial compensation and benefits, thereby entitling him to equitable monetary relief.

26. Mr. Johnston has also suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of Defendant's discriminatory, demeaning and unlawful conduct, thereby entitling him to compensatory damages.

27. In his discriminatory actions as alleged above, Defendant has acted with malice or reckless indifference to the federally protected rights of Mr. Johnston, thereby entitling Mr. Johnston to an award of punitive damages.

## VII. FOURTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH CONTRACT

28. Mr. Johnston re-alleges the contents of the preceding paragraphs as if fully stated herein.

29. Mr. Johnston was offered a position to work directly for Noranda Alumina.

30. However, after speaking with NAES, Noranda Alumina withdrew their offer.

31. Defendant intentionally interfered with Mr. Johnston's rights, and induced a breach of Mr. Johnston's contractual relationship with Noranda Alumina.

32. As a direct result of Defendant's tortious interference with his rights, Mr. Johnston has been harmed and sustained damages in an amount to be proved at trial.

### VIII. FIFTH CAUSE OF ACTION: BREACH OF CONTRACT

33. Mr. Johnston re-alleges the contents of the preceding paragraphs as if fully stated herein.

34. A valid contract existed between Mr. Johnston and NAES.

35. Under the Contract Mr. Johnston was eligible for a bonus incentive and an Engineering Services Sales Incentive.

36. Mr. Johnston performed faithfully for a year and went above and beyond to meet these bonus requirements.

37. NAES failed to provide Mr. Johnston with these earned bonuses at termination.

38. NAES is in breach of its Contract with Mr. Johnston.

39. Due to this breach, Mr. Johnston has been harmed and sustained damages in an amount to be proved at trial.

//

//

//

//

//

//

## IX. PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment against Defendant by awarding them judgment as follows:

1. Monetary Damages in amounts to be established at trial;

2. Prejudgment interest;

3. Attorney Fees and costs;

4. Punitive Damages as allowed per Washington law.

5. Any such other and further relief as the court deems just and equitable.

DATED this 23rd day of September, 2019

**SEATTLE LITIGATION GROUP, PLLC**
*Attorneys for Plaintiff*

*/s/ Jimmy Garg*
Jimmy Garg, WSBA No. 49049
500 Union Street, Suite 510
Seattle, WA 98101
jimmy@seattlelitigation.net
Phone: (206) 407-3300
Fax: (206) 407-3097